IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MISTY S. G,<br><br>                    Plaintiff,<br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER<br><br>Case No. 1:19-cv-52 DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Misty S. G's (Plaintiff's) appeal of the Commissioner's final decision denying her application for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 405(g).[1] After reviewing the parties' memoranda and relevant case law, the court finds the ALJ's decision is supported by substantial evidence and free from harmful legal error. Therefore, discerning no reversible error, the court affirms the decision of the Commissioner.

## BACKGROUND

Ms. G,[2] filed for benefits in 2015 when she was 25 years old, alleging disability beginning in February 2013 due to depression, anxiety, nerve damage, scoliosis, and hypersensitivity in her back. (Tr. 202, 223).[3] To establish disability, Ms. G must show that she has an

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C § 636(c). (ECF No. 14.)

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

[3] Tr. refers to the transcript of the administrative record before the court.

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months …." 42 U.S.C. § 423(d).

Following an initial denial of benefits, Plaintiff requested and received a hearing before an administrative law judge (ALJ). After the hearing, the ALJ rendered a decision according to the five-step sequential evaluation process. *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability). At step two, the ALJ found that Ms. G had the severe impairments of scoliosis and obesity. (Tr. 16). The ALJ found Plaintiff's migraines were nonsevere, and her mental impairments of anxiety and depression, both individually and combined, did not cause more than a minimal limitation on her ability to perform basic mental work. Therefore, they were also found to be nonsevere.

After finding Ms. G's impairments did not meet or equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526), the ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform light work with certain additional restrictions.[4] Plaintiff had no past relevant work, so transferability of job skills and returning to prior work is not an issue in this case. Finally, at step five, the ALJ found Plaintiff not disabled because she could perform unskilled light jobs that exist in significant numbers in the national economy. These jobs include a sales attendant, marker, and charge account clerk.

The Appeals Council subsequently denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. *See Doyal v. Barnhart*, 331 F.3d 758, 759

---

[4] The ALJ noted: "The claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk about 6 hours in an 8-hour day and can sit about 6 hours. She can frequently climb ramps and stairs but only occasionally ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel and crouch. She can frequently crawl. She can have rare (5% or less of the workday) exposure to extreme cold and excessive vibrations." Tr. 18.

(10th Cir.2003). Ms. G seeks review of the Commissioner's decision arguing the ALJ failed to "properly weigh the opinion of APRN Gigi Whaley-Pryor, failed to identify all of [Plaintiff's] impairments and incorporate limitations caused by them into [the] RFC assessment, failed to incorporate those limitations into the hypotheticals presented to the vocational expert, and failed to develop the record by not directing a formal psychological evaluation of [Plaintiff]." Opening Brief p. 8, ECF No. 17. The court addresses these issues below.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart,* 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## ANALYSIS

On appeal Plaintiff argues that the ALJ (1) failed to properly weigh the opinion of APRN Gigi Whaley-Pryor; (2) failed to properly assess her RFC; (3) failed to properly incorporate her

3

limitations into the hypotheticals presented to the vocational expert; and (4) filed to develop the record by not ordering a formal psychological evaluation. The court is not persuaded by any of these arguments and finds they are undermined by the record.

### (i) The ALJ Properly Weighed the Opinion of Gigi Whaley-Pryor

In February 2014, APRN Gigi Whaley-Pryor, wrote a letter to "whom it may concern." (Tr. 440). In the letter Ms. Whaely-Prior stated Plaintiff has physical limitation caused by her chronic pain. These included: being unable to sit for longer than 5 minutes at a time without shifting or repositions; being unable to stand for longer than 10 minutes at a time; needing 30 minute breaks between "short periods of sitting and very brief short term standing"; and being unable to lift more than 8 pounds at a time and not lifting more than 5 pounds for an extended time. *Id.* Plaintiff asserts the ALJ improperly weighed this letter, as well as the subsequent treatment Ms. Whaely-Prior provided. Plaintiff points to examples in the record of increased pain (Tr. 751), stopping school due to pain (Tr. 761, 771), episodes of chronic neck and back pain, migraines (Tr. 783), and problems with walking. (Tr. 785).

In March 2017, the Social Security Administration finalized a revision to the rules regarding the evaluation of medical evidence. These new rules are applicable to claims filed on or after March 27, 2017, and they revised the rules about "acceptable medical sources," and how those medical opinions are considered. *See* 20 C.F.R. § 404.1502. Ms. Whaely-Prior is considered an "other source" under the prior rules as Plaintiff filed her claim in 2015. *See* 20 CFR 404.1513(d) and 416.913(d). Ms. Whaely-Prior did provide medical care both before and after Plaintiff's alleged disability date. The Social Security Administration has provided that, "Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment

4

severity and functional effects, along with the other relevant evidence in the file." Titles II & Xvi: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencie, SSR 06-03P, 2006 WL 2329939, at *3 (S.S.A. Aug. 9, 2006).

The ALJ gave Ms. Whaely-Pryor's opinion little weight because it "is inconsistent with the objective evidence in the record and [Plaintiff's] subjective reports of hiking and walking." (Tr. 21). The ALJ further noted the opinion was inconsistent with other reported daily activities and it "predates the relevant period by over one year …." In contrast, the ALJ cited to the opinions of Dr. Justin Johnsen, an acceptable medical source, from around this same timeframe. Dr. Johnsen's opinions contradict those of Ms. Whaely-Pryor, and provide evidence that Ms. G's limitations are not as severe as those articulated by Ms. Whaely-Pryor. The court finds the ALJ's analysis of Ms. Whaely-Pryor's opinion is sufficiently specific and supported in the record. *See, e.g.*, Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (noting that a decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'") (quoting SSR 96-2P, 1996 WL 374188, at *5)). Plaintiff's treatment by Ms. Whaely-Pryor, following the alleged disability date, is also insufficient to overcome the other evidence pointed to by the ALJ that support the decision. Thus, there is no error.

### (ii)    The ALJ properly assessed Plaintiffs RFC

An individual's RFC is "the most [they] can do despite [their] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is charged with determining a claimant's RFC from the medical record, and the court rejects a claimant's implied argument "that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ

5

can determine RFC within that category." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

The ALJ found Plaintiff had the severe impairments of scoliosis and obesity. Plaintiff's migraines, anxiety, and depression, however, were found to be nonsevere impairments. Plaintiff argues the ALJ erred in not finding these impairments to be severe, and then failed to incorporate them into the RFC. In support, she points to evidence in the record where she underwent treatment for migraines. Ms. G also cites to the Utah State Medical Review Board finding that she met Listing 12.04 for depression. The court readily acknowledges there is contradictory evidence in the record. This is true for every social security appeal that has come before the court. The question though, is not whether there is contradictory evidence in the record? The question is whether the ALJ reasonably considered the evidence in the record, and whether substantial evidence supports the ALJ's decision? Here, the court finds those questions are answered in favor of the Commissioner.

The ALJ specifically considered Plaintiff's migraines and found she did not receive much treatment for them, and they did not prevent her from attending college during the relevant period. The ALJ also noted the record showed the migraines had decreased and were intermittent. (Tr. 544, 751, 761). "[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. Plaintiff fails to establish the severe debilitating migraines she alleges by objective medical evidence. The record here supports the ALJ's finding regarding migraines.

In similar fashion, Plaintiff's alleged mental impairments are also undermined by the record. The ALJ provided a detailed analysis regarding the functional areas for Plaintiff in regard to her anxiety and depression. (Tr. 17). The ALJ cited to specific reports in the record, including

6

Plaintiff's own reports regarding her abilities. The ALJ also considered the opinions of the Medicaid consultants that opined Plaintiff met Listing 12.04. The ALJ specifically noted that this decision rested upon a nonacceptable medical source, lacked objective evidence, and predated the relevant period. Another agencies' determination that Plaintiff met Listing 12.04 is not binding on the Social Security Administration, 20 CFR § 404.1504, and here, the ALJ appropriately considered the finding of another agency and discounted its weight based on evidence in the record.

Likewise, the record also provides differing evidence regarding Plaintiff's shoulder and back impairments. The ALJ pointed to positive Waddell signs that can indicate malingering by the Plaintiff. (Tr. 19, 20). The ALJ also cited to Plaintiff's noncompliance with physical therapy, despite evidence in the record that such therapy had positive effects on Plaintiff's impairments.

In sum, Plaintiff is simply asking this court to reweigh the evidence, and reformulate a different RFC. The court declines this invitation. *Madrid*, 447 F.3d 788, 790 (10th Cir. 2006) ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ].") There is substantial evidence in the record to support the ALJ's RFC determination.

### (iii) Plaintiff's remaining arguments are without merit

Because there is substantial evidence in the record to support the ALJ's RFC determination, there was no need to include additional impairments in the questions posed to the vocational expert. In addition, based on the record, the court finds the ALJ did not need to further develop the record in regard to alleged mental impairments by ordering a consultative examination. An ALJ has broad latitude in ordering consultative examinations. *See Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). "[W]here there is a direct conflict in the medical

evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for the proper resolution of a disability claim." *Id.* These are not the circumstances in this case.

## CONCLUSION AND ORDER

On appeal this court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax*, 489 F.3d at 1084. On the record before the court, the court finds the Commissioner's decision is supported by substantial evidence and the correct legal standards were applied.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 9 September 2020.

_____
Dustin B. Pead
United States Magistrate Judge